# EXHIBIT B

NORTH CAROLINA     FILED     IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
GUILFORD COUNTY     2019 JUN -3 A 11:48     19 CVS 6018

GUILFORD CO.,C.S.C.

SHANIKA WILLIAMS, PERCY DAVIS, BARBARA WOOD and ~~JOHN GREENE~~

Plaintiffs,

v.

ADVANCE AMERICA, CASH ADVANCE CENTERS OF VIRGINIA, INC. d/b/a ADVANCE AMERICA

Defendant.

**COMPLAINT**

NOW COME Plaintiffs complaining of Defendant Advance America, Cash Advance Centers of Virginia, Inc. d/b/a Advance America and demanding a trial by jury, allege and say:

### PARTIES & JURISDICTION

1. Plaintiffs are citizens and residents of North Carolina.

2. Defendant is, upon information and belief, foreign limited liability company organized and existing under the laws of a foreign state. At all times relevant to the events and transactions alleged herein, Defendant unlawfully engaged in the automobile title loan business in North Carolina. Defendant has not registered to do business in with the Office of the Secretary of State of North Carolina despite the fact that they are doing business in North Carolina.

3. This Court has jurisdiction over Defendant pursuant to N.C.G.S. §1-75.4 in that at all times relevant to the events and transactions alleged herein, Defendant, via the

internet, cellular telephone and other media and communication methods solicited, marketed, advertised, offered, accepted, discussed, negotiated, facilitated, collected on, threatened enforcement of, and foreclosed upon automobile title loans with Plaintiffs and other North Carolina citizens in violation of the North Carolina Consumer Finance Act, N.C.G.S. §53-164, et seq. Plaintiffs further allege that, for a considerable amount of time prior to the events and transactions with Plaintiffs as alleged herein, Defendant had regular, ongoing, continuous and systematic contacts with the state of North Carolina and its citizens and had conducted business in this state in that Defendant via the Internet, cellular telephone and other media and communication methods solicited, marketed, advertised, offered, accepted, discussed, negotiated, facilitated, collected on, threatened enforcement of and foreclosed upon automobile title loans with North Carolina citizens in violation of the North Carolina Consumer Finance Act, N.C.G.S. §53-164, et seq., such that this Court has personal jurisdiction over Defendant pursuant to N.C.G.S. §1-75.4.

4. Defendant, at all times relevant hereto, was and remains in the business of making consumer car title loans.

5. Each Plaintiff entered into one or more title loan transaction with Defendants.

6. Plaintiffs, while physically in North Carolina, made an internet search for "car title loan" or similar search term. That internet search returned Defendant's business locations in Virginia. Plaintiffs thereafter contacted Defendant by telephone to discuss a car title loan.

7. Plaintiffs are informed and believe, and therefore allege, that Defendant has knowingly and intentionally constructed and engineered its television and internet

advertising to ensure that Defendant's Virginia office locations appear on television and in internet search results when a North Carolina consumer conducts an internet search for "car title loan" or terms similar thereto.

8. Defendant has established its business location across the state line to avoid the application of North Carolina law on loan contracts entered into with North Carolina residents, such as Plaintiffs.

9. Upon information and belief, at all times relevant hereto, Defendant has regularly solicited customers in North Carolina.

10. Upon information and belief, at all times relevant hereto, Defendant regularly enters into North Carolina to take possession of motor vehicles.

11. Upon information and belief, at all times relevant hereto, Defendant has registered to assert motor vehicle title liens with the North Carolina DMV.

12. Upon information and belief, when North Carolina consumers conduct internet searches using the search terms "car title loans" or similar search terms, Defendant's Virginia locations appear as prominent search results, which results were intended by Defendant and engineered by Defendant to occur. Plaintiffs are informed and believe the same search results occur when a consumer enters searches for car title loans in other North Carolina cities.

13. After being solicited and discussing a car title loan with Defendant, each Plaintiffs went to Defendant's Virginia office, where they met Defendant's representative who obtained Plaintiffs' signatures on the loan documents and exchanged Defendant's net loan check for Plaintiffs' North Carolina car title.

3

14. At all times relevant hereto, Defendant knew or should have known that Plaintiffs were residents of North Carolina and held a North Carolina title on their vehicles.

15. Plaintiffs have made payments on their loans from North Carolina.

16. Plaintiffs are informed and believe that Defendant intentionally and regularly accepted loan payments from North Carolina consumers while those consumers are physically in the state of North Carolina by mail, telephone debit card payments, online payments and by Western Union or similar providers. Plaintiffs made payments from North Carolina.

17. Plaintiffs are informed and believe, and allege, that Defendant regularly and intentionally, and in connection with car title loans of the type and kind alleged herein, solicits, discusses, negotiates, offers, receives, accepts, and delivers and accepts funds, with North Carolina consumers at a time when those consumers are physically in the state of North Carolina. Plaintiffs are further informed and believe, and therefore allege, that Defendant regularly and intentionally take actions and measures to enforce those loans in North Carolina, including registration of liens, repossession and sales of collateral automobiles owned by North Carolina consumers.

18. Defendant secured said loans by placing a lien on Plaintiffs' vehicle through the North Carolina Department of Motor Vehicles.

19. Defendant solicited Plaintiffs for the loan alleged herein, discussed and negotiated that loan, offered to make Plaintiffs loans and received Plaintiffs' acceptance to its loan offers all at a time while Plaintiffs ware residents of North Carolina and owned a vehicle with a North Carolina title.

4

20. At all times relevant hereto, Plaintiffs' vehicles ware registered in the state of North Carolina, garaged in North Carolina and bore a North Carolina license plate, all of which was known to Defendant at the time of the transactions alleged herein.

21. Defendant entered into North Carolina to repossess one or more of Plaintiffs' vehicles.

22. The total amount of damages sought by Plaintiffs at this time is less than $75,000.00.

## FIRST CAUSE OF ACTION
(Violations of the North Carolina Consumer Finance Act, N.C.G.S. §53-165, et seq.)

23. Plaintiffs reallege the allegations contained in the Paragraphs above.

24. The annual interest rates Defendant has charged Plaintiffs far exceeds the maximum annual rate of interest allowed by the North Carolina Consumer Finance Act, N.C.G.S. §53-176, on a consumer loan in the amount loaned by Defendant. N.C.G.S. §53-190 makes unenforceable any loan contracts made outside of the state of North Carolina in the amount of fifteen thousand dollars ($15,000.00) or less for which greater consideration or charges than those authorized by N.C.G.S. §53-173 and N.C.G.S. §53-176 have been charged, contracted for or received unless all of the contractual activities, including solicitation, discussion, negotiation, offer, acceptance, signing of documents, and delivery and receipt of funds, occur entirely outside the state of North Carolina.

25. The acts and conduct of Defendant in soliciting Plaintiffs for the loan alleged herein, and charging them an annual interest rates that are clear violations of the North

5

Carolina Consumer Finance Act subjects Defendant to penalties under N.C.G.S. §53-166(d), including without limitation that Defendant shall not collect, receive, or retain any principal or charges whatsoever with respect to the loan.

26. Plaintiffs have been damaged by Defendant's violations of the North Carolina Consumer Finance Act alleged herein in an amount to be proven at trial, but which amount is at least the sum of $10,000.00.

### SECOND ALTERNATIVE CAUSE OF ACTION
(Violations of N.C.G.S. §24-1.1 et seq.— USURY)

27. Plaintiffs reallege the allegations contained in the Paragraphs above.

28. The annual interest rate Defendant has charged Plaintiffs far exceeds the maximum annual rate of interest allowed by the North Carolina Consumer Finance Act, N.C.G.S. § 24-1.1, on a consumer loan in the amount loaned by Defendant.

29. The loans alleged herein are governed by Chapter 24 of the North Carolina General Statutes pursuant to N.C. Gen. Stat. § 24-2.1. Among other reasons, Defendant engaged in solicitations made an oral offer to lend that was received in North Carolina, Defendant received solicitations or communications from Plaintiffs that originated within North Carolina for plaintiff to borrow.

30. N.C. Gen. Stat. § 24-2.1 (g) provides: "It is the paramount public policy of North Carolina to protect North Carolina resident borrowers through the application of North Carolina interest laws. Any provision of this section which acts to interfere in the attainment of that public policy shall be of no effect."

31. The acts and conducts of Defendant in soliciting Plaintiffs for the loans alleged herein, discussing and negotiating these loans, offering to make Plaintiffs these loans and receiving Plaintiffs' acceptance to its loan offers, all at a time while Plaintiffs were physically in the state of North Carolina, and then charging them an unlawful annual interest rate on their loans are clear violations of the North Carolina Consumer Finance Act that subject Defendant to penalties under N.C.G.S. §24-1.1, et seq..

32. In addition, or in alternative to the penalties set forth in Chapter 53 and Chapter 75, Defendant is subject to the penalties set forth in N.C.G.S. §24-2, including without limitation, repayment of twice the amount of interest paid on these unlawful loans, foregiveness of purported debt, and return of the title unencumbered title to Plaintiffs' vehicles.

33. Plaintiffs have been damaged by Defendant's violations of the North Carolina General Statutes Chapter 24 as alleged herein in an amount to be proven at trial, but which amount is at least the sum of $10,000.00.

### THIRD CAUSE OF ACTION
(Violations of N.C.G.S. §75-1.1)

34. Plaintiffs reallege the allegations contained in the Paragraphs above.

35. The acts and conduct of Defendant alleged herein constitute acts and conduct in and affecting commerce and Defendant's intentional, knowing, and purposeful violations of the North Carolina Consumer Finance Act, including without limitation Defendant's failure to disclose that the loan was unlawful, constitute unfair and deceptive trade

7

Case 1:19-cv-00669-LCB-JLW   Document 2   Filed 07/08/19   Page 8 of 12

practices within the meaning of both N.C.G.S. § 53-180(g) and N.C.G.S. § 75-1.1 that are substantially injurious to consumers, including Plaintiffs.

36. Plaintiffs have been damaged by the Defendant's violations of the North Carolina Consumer Finance Act an amount to be proven at trial, but which amount is at least the sum of $10,000.00.

37. The acts and omissions of Defendant alleged herein are part of a pattern and practice of Defendant violating North Carolina interest laws and the North Carolina Consumer Finance Act.

38. Plaintiffs are entitled to an award of treble damages pursuant to N.C.G.S. § 75-1.1.

39. Plaintiffs are entitled to recover her reasonable attorney's fees pursuant to N.C.G.S. § 75-16.

**FOURTH CAUSE OF ACTION**
(Punitive Damages)

40. Plaintiffs reallege the allegations contained in the Paragraphs above.

41. The acts of Defendant alleged herein constitute willful, wanton, and malicious conduct and cause intentional, purposeful, and unlawful detriment to Plaintiffs.

42. Defendant is therefore liable to Plaintiffs for punitive damages in an amount to be proven at trial, but which amount is at least the sum of $10,000.00.

**FIFTH CLAIM FOR RELIEF**
(Motion to Compel Arbitration — All Defendants)

52. Plaintiffs reallege the allegations contained in the Paragraphs above.

8

53. Plaintiffs filed this action to toll the running of any potential statute of limitation. The loan agreements contain at issue an arbitration provision which cover all of the claims asserted herein.

54. Each Plaintiff prays unto the Court for any order staying this matter and referring their matter to arbitration pursuant to the American Arbitration Association rules.

WHEREFORE, Plaintiffs prays the Court for the following relief:

1. That Plaintiffs have and recover all sums paid to Defendant for the unlawful loans alleged herein or other damages as provided in the North Carolina Consumer Finance Act;

2. That, in the alternative, each Plaintiff shall have and recover of Defendant all compensatory statutory damages incurred and recoverable pursuant to N.C.G.S. Chapter 24 and other damages as provided by law;

3. That each Plaintiff have and recover of Defendants treble damages pursuant to N.C.G.S. § 75-1.1;

4. That each Plaintiff have and recover of Defendants punitive damages in an amount to be determined, but which amount is at least the sum of $10,000.00;

5. That each Plaintiff have and recover of Defendants interest and attorney's fees as by law provided;

9

6. That the Court grant each Plaintiff's motion to stay and refer this matter to individual arbitrations for each Plaintiff pursuant to the terms of the Agreement and the American Arbitration Association; and

7. For such other and further relief as the Court may deem just and proper.

This the 2nd day of June, 2019.

							_____
							James R. Faucher
							*Attorney for Plaintiff*

FOR THE FIRM:
**Brown, Faucher, Peraldo & Benson, PLLC**
822 N. Elm St., Suite 200
Greensboro, North Carolina 27401
Telephone: (336) 478-6000
Facsimile: (336) 273-5597

10



**Greensboro Law Center**
BROWN · FAUCHER · PERALDO · BENSON · PLLC
822 N. Elm Street, Suite 200
Greensboro, NC 27401



CERTIFIED MAIL

7018 1830 0000 1495 8623



$007.60
MAILED FROM ZIP CODE 27401
JUN 04 2019

Advance America, Cash Advance Centers of Virginia, Inc.
c/o Corporation Service Company, Registered Agent
Bank of America Center, 16th Floor, 111 E. Main Street
Richmond, VA 23219

232193 2111 C010